UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL MARIANO MOSCATE-TRUJILLO,

    Petitioner,

-vs-                                            Case No. 8:16-cv-2622-T-27TGW
                                                Crim. Case No. 8:15-cr-97-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner's Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (cv Dkt. 8), and supporting memorandum (cv Dkt. 9), the Government's response (cv Dkt. 14), and Petitioner's reply (cv Dkt, 17). In Ground Two of the Amended Motion to Vacate, Petitioner contends that his attorney failed to file a notice of appeal. That ground was referred to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge convened an evidentiary hearing on Ground Two, but reports that Petitioner, represented by counsel, "decided to withdraw ground two of his § 2255 motion," and recommends that Ground Two be withdrawn (Dkt. 49). No objections to the Report and Recommendation have been filed and the time to do so has passed.[1]

Accordingly, the Report and Recommendation (Dkt. 49) is **APPROVED** and **ADOPTED**. Ground Two of Petitioner's Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255 (cv Dkt. 8) is DISMISSED, having been withdrawn.

**DONE AND ORDERED** this __22nd__ day of August. 2019.

                                                      JAMES D. WHITTEMORE
                                                    United States District Judge

Copies to: Petitioner, Counsel of Record

---

[1] A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).